## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00970-CMA-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

BRINKER RESTAURANT CORPORATION d/b/a CHILI'S GRILL & BAR and
BRINKER INTERNATIONAL PAYROLL COMPANY, L.P.,

    Defendants.

## PROPOSED CONSENT DECREE

### I. RECITALS

**1.** This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendants subjected female employees to a sexually hostile work environment, retaliation, and constructive discharge.  Defendants deny these allegations.

**2.** The Parties to this Decree are the Plaintiff EEOC and Defendants Brinker Restaurant Corporation d/b/a Chili's Grill & Bar and Brinker International Payroll Company, L.P. ("Defendants" or "Chili's").

**3.** The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree

enforceable against Defendants.

**4.** As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

**5.** For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

**6.** The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

**7.** **Term:** The duration of this Decree shall be two years from the date of signing by the Court.

**8.** **Scope:** The terms of this Decree shall apply to the Chili's restaurant in Cañon City, Colorado.

## IV. ISSUES RESOLVED

**9.** This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII of the Civil Rights Act of 1964 ("Title VII") that arise from Charge of Discrimination Number 541-2017-00585, filed by Christina Mentzer.

**10.** Defendants and their officers, agents, employees, and successors will not

interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

**11.** Judgment is hereby entered in favor of the Commission and against Defendants in the amount of $150,000.

**12.** Defendants will not condition the receipt of individual relief upon the Aggrieved Individuals' agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive their statutory rights to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendants' facilities.

**13.** To resolve these claims, Defendants shall pay a total of $150,000 to be distributed to the Aggrieved Individuals in amounts to be determined by the EEOC. Within five business days of the Court's entry of the Decree, the EEOC will provide Defendants, via email, a Distribution List in the form of an Excel spreadsheet containing the following information for the Charging Party and each Aggrieved Individual: (1) name, (2) mailing address, (3) total claim share amount, and (4) allocation of claim share amount between lost earnings (reportable on a W-2 form) and other damages (reportable on a 1099 form).

**14.** Payments required under this Decree shall be mailed to the payee(s) within 14 days after the Court's entry of this Decree or within 14 days after receipt of the executed releases in the form attached as Exhibit A, whichever occurs later, and mailed to the addresses provided by the EEOC.

**15.** Defendants will prepare and distribute W-2 and 1099 tax reporting forms to each payee who receives payment under this Consent Decree. Defendants are responsible for withholding payroll taxes from back pay amounts, paying withheld funds to the IRS, and paying the employer's share of payroll taxes. Defendants will timely provide tax reporting forms to each payee who receives payment under this Decree.

**16.** Within three business days after payments are mailed to payees, Defendants shall submit to the EEOC a copy of the checks issued by email.

## VI. EQUITABLE RELIEF

### A. *Injunctive Relief*

**17.** Defendants, their officers, agents, and successors will not engage in any employment practice which creates a hostile work environment on the basis of sex, including unwelcome sexual comments, sexual innuendo, unwanted sexual attention, and unwanted touching.

**18.** Defendants, their officers, agents, and successors will not engage in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII, as amended. Defendants shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendants; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendants shall not retaliate in

any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action.  Nor shall Defendants retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

***B.    EEO Policy Review***

**19.**    Within 60 days of the entry of this Decree, the Defendants shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

**20.**    The written EEO policies must include at a minimum:

20.1.  A strong and clear commitment to preventing unlawful sex discrimination, including sexual harassment, and retaliation;

20.2.  A clear and complete definition of disparate treatment based on sex, including sexual harassment, and retaliation;

20.3.  A statement that discrimination based on sex, sexual harassment, and retaliation is prohibited and will not be tolerated;

20.4.  A clear and strong encouragement of persons who believe they have been discriminated against, harassed, or retaliated against to report such concerns;

20.5.  The identification of resources, with telephone numbers and email addresses, to whom employees can report their concerns about discrimination, harassment, or retaliation;

20.6.  A clear explanation of the steps an employee must take to report

discrimination, harassment, or retaliation, which must include the options of either an oral or written complaint;

20.7. An assurance that Defendants will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, objective, thorough, and (to the extent possible) confidential;

20.8. An assurance that appropriate corrective action will be taken that is reasonably calculated to deter any future discrimination or harassment, up to and including termination;

20.9. A description of the potential consequences, up to and including termination, that will be imposed upon violators of Defendants' anti-discrimination policies;

20.10. A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

20.11. An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

**21.** The Parties agree that any investigator investigating any claims of harassment or discrimination will be neutral and trained in the investigatory process.

**22.** Within 30 days after completion of the policy review required under the

paragraphs above, the written EEO policies shall be distributed to each current employee. The written EEO policies shall be distributed to all new employees when hired.

### C. *Training*

**23.** At least annually, Defendants shall provide EEO training for all its employees at the Chili's restaurant in Cañon City. The training will be online or live and will focus on the rights of employees and the responsibilities of employers under Title VII and other federal anti-discrimination statutes. The training shall be at Defendants' expense, and shall be provided by a qualified outside vendor who is not employed by Defendants. Such training will focus specifically on the following:

    a. A thorough explanation of the rights of employees under Title VII;

    b. What constitutes sexual harassment under Title VII, including the rights of employees and the responsibility of employers to ensure a work environment free from sexual harassment;

    c. The collective responsibility of the workforce and bystander employees who have witnessed harassment and/or discrimination to report such harassment and/or discrimination;

    d. A complete description of avenues available for employees to report employment discrimination and harassment under Title VII;

    e. A thorough explanation of prohibited retaliation for reporting or opposing employment discrimination and/or harassment or participating in any investigation, proceeding, or hearing under Title VII or other federal employment discrimination statutes;

    f. Specific training to the individuals designated as investigators on how to properly investigate complaints of discrimination or harassment;

  g. A thorough discussion on how to properly handle employees' discrimination and harassment complaints; and

  h. A discussion of Defendants' EEO and harassment policies.

**24.** Training with respect to different employee groups shall occur as follows:

 24.1. **Non-managerial Employees:** Defendants will provide non-managerial employees training on Title VII for at least 90 minutes per year during the term of this Decree. Such training shall specifically discuss Defendants' policies and procedures for reporting instances of discrimination, harassment, and/or retaliation. Additionally, at least 50 percent of the training provided to non-managerial employees shall address sexual harassment that violates Title VII and how to report such harassment.

 24.2. **Managerial and Supervisory Employees**: Defendants will require all individuals who work in a managerial or supervisory capacity, including all Assistant Managers, Managers, and General Managers, to receive at least four hours of training annually regarding Title VII and other federal anti-discrimination laws.  Two of the four hours must directly address sex discrimination, including sexual harassment, and retaliation, and two of the four hours must include instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination.  Defendants shall emphasize with managerial and supervisorial employees that due to their position of power, such

employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them.  Additionally, Defendants will require managerial employees who are newly hired or recently promoted into a managerial or supervisory position to complete one hour of complaint-handling training and one hour of sex discrimination and retaliation-related training within 90 days of being hired or promoted.

**25.**   Defendants agree that the first such training session for each employee group identified in the paragraph above will take place within 90 days after the Court's entry of this Decree.  Defendants agree that all of its personnel shall both register and attend the training sessions.

**26.**   The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions.

**27.**   Defendants shall provide the Commission with 30 days' notice that a training session will be conducted, or alternatively, Defendants may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

### D. *Notice Posting*

**28.** Within five business days after the Court's entry of this Decree, Defendants shall post in the Chili's restaurant in Cañon City, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit B, but enlarged to at least 8.5" x 14". The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy. Defendants shall certify to the Commission, in writing, within ten days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### E. *Individual Action*

**29.** Within 90 days of the entry of this Consent Decree, if Jimmy Mathews remains employed by Defendants at any of Defendants' restaurants or facilities upon entry of this Decree, Defendants will issue a written disciplinary form to be placed permanently in Mr. Mathews' official personnel file. Within 90 days of the entry of this Consent Decree, Mr. Mathews will attend at least four hours of EEO and harassment training conducted by an outside vendor.

**30.** Within 90 days of the entry of this Consent Decree, if Brian Ortega remains employed by Defendants at any of Defendants' restaurants or facilities upon entry of this Decree, Mr. Ortega will attend at least four hours of EEO and harassment training conducted by an outside vendor. This training will be in addition to the training described in Paragraphs 23-24 above.

## VII. RECORDKEEPING AND REPORTING PROVISIONS

**31.** For duration of this Consent Decree, Defendants shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

> 31.1. Personnel files;
>
> 31.2. Payroll records;
>
> 31.3. Work schedules;
>
> 31.4. Records reflecting all oral and written complaints of discrimination at the Cañon City restaurant, including but not limited to sex discrimination, and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

**32.** Defendants shall provide semi-annual reports for each six-month period following the entry of this Decree. The reports shall be due 30 days following the respective six-month period, except the final report which shall be submitted to the Commission six weeks prior to the date on which the Consent Decree is to expire.

**33. Reporting Requirements:** Each report shall provide the following information:

> 33.1. **Complaints of Sex Discrimination**
>
> **33.1.1.** For purposes of this Paragraph, the term "complaint of sex discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on sex,

including sexual harassment, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc.

**33.1.2.** The report will include:

    a. The name, address, email address, and telephone number of each person making a complaint of sex discrimination to Defendants or to any federal, state, or local government agency;

    b. The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

    c. A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

    d. Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

33.2. **Complaints of Retaliation**

**33.2.1.** For purposes of this Paragraph, the term "complaint of retaliation"

will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII, or alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under Title VII even if the complainant does not use legal or technical terminology.

**33.2.2.** The report shall include:

    a. The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendants or to any federal, state, or local government agency;

    b. The name, address, email address, and telephone number of each person identified as a potential witness to the incident of retaliation;

    c. A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

    d. Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

33.3. **Training**

**33.3.1.** For each training program required under this Decree, and conducted during the reporting period, Defendants shall submit a registry of attendance and/or certificates of completion.

**33.3.2.** For each training program conducted by an outside consultant or vendor not affiliated with Defendants, Defendants will identify the consultant and/or vendor and provide a copy of the program agenda.

33.4. **Posting of Notice**: Defendants shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

33.5. **Policy Review**: Defendants shall report on the status of the EEO policy review process required under this Decree.

**34.** Within 90 days after the date the Court signs this Decree, Defendants shall certify to the Commission that they have placed the above mentioned documentation in Jimmy Mathews' personnel file and that he and Brian Ortega have received the individualized training outlined in Paragraphs 29 and 30 of this Decree.

### VIII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**35.** This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**36.**     There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**37.**     The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**38.**     Absent extension, this Decree shall expire by its own terms at the end of the 24th month from the date of entry without further action by the Parties.

### IX. EEOC AUTHORITY

**39.**     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

### X. COSTS AND ATTORNEY'S FEES

**40.**     Each party shall be responsible for and shall pay its own costs and attorney's fees.

### XI. NOTICE

**41.**     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by email as follows

    Laurie Jaeckel
    Trial Attorney
    EEOC Denver Field Office
    303 E. 17th Avenue, Suite 410
    Denver, CO 80203
    lauren.jaeckel@eeoc.gov

### XIII. SIGNATURES

**42.** The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this _____ day of _____, 2020.

                                                BY THE COURT:

                                                _____
                                                United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: March 3, 2020

BRINKER RESTAURANT CORPORATION

By: _____
Christopher L. Green
President

Date: 3/2/2020

BRINKER INTERNATIONAL PAYROLL
COMPANY, L.P.

By: _____
Christopher L. Green
Vice-President,
Assistant General Counsel

Date: 3/2/2020

APPROVED AS TO FORM:

_____
Laurie Jaeckel
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203

Attorney for Plaintiff EEOC

_____
Ryan P. Lessmann / Melisa Panagakos
Jackson Lewis P.C.
950 17th Street, Suite 2600
Denver, CO 80202

Attorney for Defendants

## EXHIBIT A

## **RELEASE OF CLAIMS**

In consideration for $_____$ paid to me by Defendants Brinker Restaurant Corporation d/b/a Chili's Grill & Bar and Brinker International Payroll Company, L.P. ("Defendants") in connection with the resolution of *EEOC v. Brinker Restaurant Corporation d/b/a Chili's Grill & Bar and Brinker International Payroll Company, L.P.*, Civil Action No. 19-cv-00970-CMA-KMT, I waive my right to recover for any claims of sex discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII") that I had against Defendants prior to the date of this release and that were included in the claims alleged in the EEOC's complaint, filed in *EEOC v. Brinker Restaurant Corporation d/b/a Chili's Grill & Bar and Brinker International Payroll Company, L.P.*, Civil Action No. 19-cv-00970-CMA-KMT.


Name of Charging Party/Aggrieved Individual


Signature:_____   Date:

**EXHIBIT B**

**<u>NOTICE</u>**

  Management of Brinker Restaurant Corporation d/b/a Chili's Grill & Bar and Brinker International Payroll Company, L.P. (collectivity "Brinker") wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices.  Brinker seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability.  This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

  Federal law makes it unlawful for an employer to discriminate based upon the sex of an applicant or employee.  Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

  Brinker respects the right of its employees and applicants for employment to work in an environment free from discrimination and harassment.  Accordingly, Brinker reaffirms its commitment to complying with federal law, in that it is our policy to prohibit all discrimination and harassment based on sex.

  Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, disability, or genetic status has the right to contact the EEOC directly at 1-800-669-4000, or the Colorado Civil Rights Division at 303-894-2997. In compliance with federal law, no official at Brinker will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart, the Colorado Civil Rights Division.

  This Notice shall remain posted for two years.


Brinker


By:_____         _____
                                Date